UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
TROY JENNINGS,

    Petitioner

-against-

UNITED STATES OF AMERICA,

    Respondent.
-------------------------------------------------------x

MEMORANDUM
ORDER
and
JUDGMENT

CV 04-2565
(JBW)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ JAN 21 2005 ★
BROOKLYN OFFICE

*Jack B. Weinstein, Senior United States District Judge*

    Petitioner, along with a confederate, was convicted of various robberies and other crimes in post offices and in a laundromat. On appeal the conviction was affirmed. *United States v. Angelo*, Docket Nos. 03-1174(L), 03-1176 (CON), 87 Fed. Appx 205, 2004 WL 206320 (2d Cir. 2004).

    Rejected by the appellate court was petitioner's claim that evidence of the attempted robbery in the laundromat did not support a finding of targeted assets of a business operating in interstate commerce under the Hobbs Act. This decision dealt a fatal blow to the related claim that the spillover effect on the post office charges required a new trial. Repudiated too were claims on appeal of the improper denial of a severance motion and overruling by the trial judge of pretrial rulings.

    Counsel for petitioner in this Section 2255 proceeding appeared at a post-direct-appeal hearing in this court, petitioner being present by telephone. The only claim of petitioner rising above the frivolous is that his appellate counsel was ineffective. *See* letter of petitioner's counsel of January 7, 2005; hearing minutes in this court, January 10, 2005.

1



The appellate brief for petitioner on direct appeal was excellent. Its argument that the robbery was not <u>of the laundromat</u>, but, rather, <u>of people in the laundromat</u>, was sound, even if it did not persuade the panel on appeal. It was the key issue that any skilled appellate advocate would have fixed upon.

Nevertheless, petitioner now argues in his collateral attack that the appellate argument should have focused on the jury's seeing a reference to "Jazz," a pseudonym of petitioner, in a transcript of a telephone conversation that had been ordered redacted. The "Jazz" issue was trivial and would not have helped on appeal, since it would have only been a distraction from the main argument.

The claim is that the government's attempted redaction failed because a juror, holding the page up to the light could see through to the words that should not have been visible. It seems unlikely that any of the jurors had seen what is now claimed they saw. This court ordered the original documents in the juror's notebook produced. An examination by this court of the document which was in the hands of the jury for a short time, shows that while it is possible to hold up the pages so that light reflections permit reading of redacted portions in T-5, it is unlikely that jurors were aware of the language objected to in the transcript that arguably was not efficiently redacted. The trial court had apparently decided the redaction was sufficient and the jury had not seen what it should not have seen (Tr. Tr. 458).

The transcript (which was before the appellate court in petitioner's appendix), even had it not been redacted, was, in any event, not harmful to petitioner. It was, if seen by the jury, ambiguous at best. The barely ascertainable phrase, "Alright, I'll talk to Jazz tonight. Look I gotta go back to court," is proceeded and followed by redactions so that it has no contextual

2

meaning. The same is true of the other phrase, "Yeah, I just spoke to Jazz a little while ago. He told me you were on your way over there. I don't want to go there and get stuck with that dude, Man."

Exclusion at pretrial was problematical (Tr. Tr. 453). It was probably justified only under the discretion afforded by Evidence Rule 403. The trial judge did not have to follow that discretionary ruling. No reliance on it harmed petitioner. *See U. S. v. Angelo, supra.*, apparently holding that trial judge did not have to follow the pretrial evidentiary rulings of another judge.

Upon defense counsel's objecting that a juror might, or did, see the word "Jazz" and other words ordered redacted, the trial judge withdraw the document from the jury (Tr. Tr. 448). He charged the jury to rely on the recording (which had been properly redacted) and not the transcript (Tr. Tr. 463). The transcript did not go into the jury room. The redacted materials were not mentioned by the prosecutor (Tr. Tr. 440).

The fact that both trial counsel for petitioner and the prosecutor asked the trial judge to enquire of the jurors what they had seen did not obligate the judge to comply with their wishes. He dealt with the matter appropriately. There was no reason for a mistrial or for further inquiry.

The very fervor of petitioner's trial counsel's objections on this point (Tr. Tr. 440-462) shows how effective was trial representation. Both at trial and on appeal, representation was good; it more than met minimum standards.

The petition is without any merit. The trial and appeal were fairly conducted by petitioner's counsel. No constitutional violation occurred. A certificate of appealability is denied. The case is dismissed. No costs or disbursements.

SO ORDERED.

3

                                                                               _____
                                                                               Jack B. Weinstein
                                                                               Senior United States District Judge

Dated: Brooklyn, N.Y.
       January 13, 2005